UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20869-CIV-LENARD/O'SULLIVAN

YUDY HERNANDEZ,

    Plaintiff,

v.

TICKETMASTER, LLC, a foreign for-profit corporation,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff['s] Motion to Strike Defendant's Affirmative Defenses and Incorporated Memorandum of Law in Support (DE# 10, 4/17/18). Having reviewed the applicable filings and the law, the undersigned enters the following Order.

## BACKGROUND

On March 7, 2018, the plaintiff filed a complaint against the defendant alleging violations of the Americans with Disabilities Act ("ADA") (Count I) and trespass (Count II) in connection with the defendant's business website. See Complaint for Declaratory and Injunctive Relief, and Jury Trial Demand (DE# 1, 3/7/18). On March 30, 2018, the defendant filed its answer to the Complaint and asserted 21 affirmative defenses. See Defendant Ticketmaster LLC's Answer to Complaint (DE# 8, 3/30/18) (hereinafter "Answer").

On April 17, 2018, the plaintiff filed the instant motion seeking to strike all of the defendant's affirmative defenses. See Plaintiff['s] Motion to Strike Defendant's

Affirmative Defenses and Incorporated Memorandum of Law in Support (DE# 10, 4/17/18) (hereinafter "Motion"). The defendant filed its response in opposition on May 1, 2018. See Defendant Ticketmaster L.L.C.'s Opposition to Plaintiff's Motion to Strike Affirmative Defenses (DE# 17, 5/1/18) (hereinafter "Response"). The plaintiff filed her reply on May 8, 2018. See Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Strike Affirmative Defenses (DE# 22, 5/8/18) (hereinafter "Reply"). This matter is ripe for adjudication.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC., No. 09-61490-CIV, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) (citation omitted). Affirmative defenses fall under the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and should be stricken if they fail to recite more than bare-bones conclusory allegations. Id. at *2 (quoting Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of a defense and the grounds on which it rests." Tsavaris v. Pfizer, Inc., 310 F.R.D. 678, 682 (S.D. Fla. 2015) (citing Adams v. Jumpstart Wireless Corp., 294 F.R.D. 668, 671 (S.D. Fla. 2013); Twombly, 550 U.S. at 555). Affirmative defenses should be stricken when they are insufficient as a matter of

2

law. <u>Pandora Jewelers 1995, Inc.</u>, 2010 WL 5393265, at *2 (quoting <u>Microsoft Corp. v. Jesse's Computers and Repairs, Inc.</u>, 211 F.R.D. 681, 683 (M.D. Fla. 2002)). A defense is legally insufficient only if the pleading on its face is patently frivolous, or it is clearly invalid as a matter of law. <u>Id.</u>

### ANALYSIS

The plaintiff seeks to strike all of the defendant's affirmative defenses on the ground that they are "insufficient." Motion at 4. The defendant argues that the instant motion should be denied on several grounds: (1) the plaintiff failed to confer with opposing counsel as required by Local Rule 7.1; (2) the plaintiff has failed to show prejudice and (3) the plaintiff has failed to explain why the defendant's affirmative defenses were not adequately pled. Response at 1. The defendant also asks the Court for leave to amend any deficient affirmative defenses. <u>Id.</u>

**1.      Failure to Confer Pursuant to Local Rule 7.1**

As noted above, the defendant argues that the instant motion should be denied because the plaintiff failed to confer with the defendant as required by Local Rule 7.1(a)(3). <u>See</u> Response at 4.

Local Rule 7.1(a)(3) states in part:

> Prior to filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, for garnishment or other relief under Federal Rule of Civil Procedure 64, or otherwise properly filed <u>ex parte</u> under the Federal Rules of Civil Procedure and these Local Rules, or a petition to enforce or vacate an arbitration award, **counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the**

> **relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute.** At the end of the motion, and above the signature block, counsel for **the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so**. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

S.D. Fla. L. R. 7.1(a)(3) (emphasis added).

Here, the plaintiff's counsel, Diego Mendez, sent an email to the defendant's counsel, Nelson Bellido, on April 2, 2018, stating: "Counselor Quesada and I represent the Plaintiff in the above referenced matter. Would you like to have a call about this matter? We are available this Thursday, April 5, 2018 in the morning." Email Chain (DE# 17-2 at 5). The following day, Mr. Mendez sent a follow-up email stating:

> Mr. Bellido, Mr. Hurley and Mr. Chilleen:
>
> I apologize that I did not include all co-counsels in my initial email (now included). **We would like to set up a call to discuss this case. We are available this Thursday, April 5, 2018 in the morning. Please let me know if you have time or when you are available**.
>
> **Also, pursuant to Local Rule 7.1(a)(3) we are informing you of our intention of filing a Motion to Strike Affirmative Defenses as legally insufficient**.

4

Id. at 4 (emphasis added).

On April 4, 2018, attorney Michael Chilleen responded to the email by stating that he was not available until the following Wednesday or Thursday. Id. at 3. The plaintiff's counsel did not directly respond to Mr. Chilleen's email. Instead, on April 13, 2018, the plaintiff's co-counsel, Lydia Quesada, sent an email stating:

> Good Afternoon:
>
> We have prepared a motion to strike your affirmative defenses with memorandum of law. **We plan to file same by the close of business day on Monday, May 16th. Please let me know if you will be amending your affirmative defenses.**

Email Chain (DE# 17-2 at 3) (emphasis added). On the same day, Mr. Chilleen responded by stating: "I have no idea what you contend is wrong with Defendant's affirmative defenses since we never met and conferred so I do not know whether Defendant will be amending its affirmative defenses." Id. at 2. Ms. Quesada sent a response email stating "I am available to confer on Monday if you want." Id.

The parties did not confer and on April 17, 2018, the plaintiff filed the instant motion containing the following certification:

### **CERTIFICATION**

> Plaintiffs [sic] hereby certify that counsel for Plaintiff, pursuant to Local Rule 7.1(a)(3), attempted to confer with opposing counsel regarding Plaintiff's motion to strike Defendant's affirmative defenses in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Motion at 7.

The undersigned finds that the plaintiff did not comply with the requirements of Local Rule 7.1(a)(3). The efforts made by plaintiff's counsel to confer with opposing

5

counsel were insufficient.

In her reply, the plaintiff complains that Mr. Chilleen is not counsel of record and is not admitted to practice in the Southern District of Florida, therefore, the plaintiff argues that "the only counsel of record for the Defendant ignored Plaintiff's counsels' emails." Reply at 2. This argument is not well taken. At no point during the parties' exchange of emails did the plaintiff's counsel raise a concern about Mr. Chilleen not being counsel of record. To the contrary, the plaintiff's counsel, Mr. Mendez, sent a follow-up email on April 3, 2018 in part because he'd failed to include Mr. Chilleen in the original email. See Email Chain (DE# 17-2 at 4) (stating "I apologize that I did not include all co-counsels in my initial email (now included)"). More importantly, the plaintiff's counsel did not attempt to follow-up with opposing counsel (counsel of record or otherwise) by telephone or directly respond to Mr. Chilleen's email stating that he was not available until the following Wednesday or Thursday. Id. at 3.

Compliance with Local Rule 7.1(a)(3) is mandatory and serves an important purpose. "As set forth in the Local Rule, the purpose of the pre-filing conference is to avoid seeking relief unnecessarily, thereby avoiding waste of effort by the parties and the court." Onuss Ortak Nokta Uluslararasi Haberlesme Sistem Servis Bilgisayar Yazilim Danismanlik Ve Dis Ticaret Ltd. Sirketi v. Terminal Exch., LLC, No. 09-80720-CIV, 2009 WL 10668748, at *4 (S.D. Fla. Dec. 9, 2009). Here, the plaintiff's counsel failed to meaningfully comply with this rule. The certificate of conferral included in the instant motion is also deficient. It does not state "with specificity in the [certification] (including the date, time, and manner of each effort)" the efforts made by the plaintiff to confer with the defendant. S.D. Fla. L. R. 7.1(a)(3).

6

Despite the failure by plaintiff's counsel to comply with Local Rule 7.1(a)(3), the Court will exercise its discretion and consider the merits of the instant motion. See Nanotech Entm't, Inc. v. R&T Sports Mktg., Inc., No. 14-61608-CIV, 2014 WL 12611203, at *3 (S.D. Fla. Sept. 24, 2014) (noting that "the impact of a party's failure to comply with Rule 7.1(a)(3) is ultimately left with the discretion of the Court."). If the failure to confer continues to occur in this case, either party may raise the issue with the Court.

**2.    Merits of the Plaintiff's Motion**

   **a.    Prejudice**

Motions to strike "will usually be denied unless the allegations have no possible relation to the controversy **and may cause prejudice to one of the parties**." Carlson Corp./Southeast v. School Bd. of Seminole County, 778 F. Supp. 518, 519 (M.D. Fla. 1991) (emphasis added). The defendant argues that the instant motion should be denied because the plaintiff has failed to show prejudice. Response at 4-5. The plaintiff responds that "[t]he Defendant's blanket assertion of affirmative defenses with inadequate factual support prejudices the Plaintiff by requiring additional discovery and motion practice, which ultimately consumes judicial resources." Reply at 4. Because the plaintiff has raised the issue of prejudice, albeit broadly, the undersigned will address the merits of the instant motion.

   **b.    Sufficiency of the Defenses**

      **1.    First Affirmative Defense**

The plaintiff argues that the defendant's First Affirmative Defense should be

stricken "because it does nothing more than state a 'formulaic recitation of the elements of a cause of action' and conclusions without any factual support." Motion at 5 (citing Twombly, 550 U.S. at *555; Iqbal, 556 U.S. at 662). The defendant's First Affirmative Defense states:

> Plaintiff lacks standing to pursue her alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Here, **Plaintiff lacks standing to pursue her alleged claims because, among other reasons, she is not a bona fide patron, she never attempted to access Defendant's website, and/or she does not intend to access Defendant's website in the future**.

Answer at 6-7 (emphasis added).

The undersigned finds that the defendant has provided sufficient information as to the applicability of this affirmative defense to the claims asserted by the plaintiff. See Waterkeeper v. City of St. Petersburg, No. 8:16-CV-3319-T-27AEP, 2018 WL 549999, at *2 (M.D. Fla. Jan. 22, 2018) (refusing to strike affirmative defense based on lack of standing where "Defendant raise[d] new factual matter extraneous to the Second Amended Complaint in support of its contention that Plaintiffs lack[ed] standing and the Court lack[ed] subject matter jurisdiction."). Accordingly, the defendant's First Affirmative Defense is legally sufficient and will not be stricken.

### 2. Third Affirmative Defense

The plaintiff argues that the defendant's Third Affirmative Defense "merely states an allegation without any specifics" and should therefore be stricken. Motion at 6. In its Third Affirmative Defense, the defendant states: "The Complaint, and each and every

claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed." Answer at 7. The defendant's Third Affirmative Defense is legally insufficient. "Although failure to state a claim is a proper affirmative defense, it is not sufficiently pled in this case to provide Plaintiffs or the Court with any factual support or basis for the defense." Robinson v. Nat'l Credit Sys., Inc., No. 2:17-CV-386-FTM-99CM, 2018 WL 1877462, at *2 (M.D. Fla. Apr. 19, 2018). Accordingly, the defendant's Third Affirmative Defense is legally insufficient and is hereby **STRICKEN**.

### 3. Fifth Affirmative Defense and Ninth Affirmative Defense

The plaintiff seeks to strike the defendant's Fifth Affirmative Defense and Ninth Affirmative Defense because these defenses "do nothing more than state bare legal conclusions without an accompanying 'short and plain statement' in support thereof." Motion at 7.

The defendant's Fifth Affirmative Defense and Ninth Affirmative Defense state as follows:

**FIFTH AFFIRMATIVE DEFENSE**
(Defendant Provided Services Via Alternative Methods)

5. Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because **Defendant was ready and willing to accommodate Plaintiff's alleged disability** by providing access via alternative methods, **but Plaintiff never asked for nor sought any assistance**.

***

**NINTH AFFIRMATIVE DEFENSE**
(Reasonable Modifications to Policies, Practices and Procedures)

9. Plaintiff's claims are barred because **Defendant was willing to make reasonable modifications** to its policies, practices, and/or procedures to

accommodate Plaintiff's alleged disability, **but Plaintiff never asked for nor sought assistance**.

Answer at 7-8 (emphasis added). "An affirmative defense must provide 'fair notice' of the nature of the defense and indicate the plausible grounds upon which it rests." Robinson, 2018 WL 1877462, at *2. The undersigned finds that the defendant's Fifth Affirmative Defense and Ninth Affirmative Defense, as pled, provide sufficient notice to the plaintiff. Accordingly, the defendant's Fifth Affirmative Defense and Ninth Affirmative Defense are legally sufficient and will not be stricken.

### 4. Remaining Affirmative Defenses

The plaintiff does not address the remaining affirmative defenses individually, but rather states, generally, that they should be stricken because they "do not comply with the pleading requirements of Rule 8" and are "like the conclusory, legally insufficient affirmative defense[s] stricken [in other cases]." Motion at 5.

The undersigned has carefully reviewed the remaining affirmative defenses and finds that – with the exception of the defendant's Tenth Affirmative Defense, Nineteenth Affirmative Defense and Twentieth Affirmative Defense – the remaining affirmative defenses serve a purpose by providing notice to the plaintiff of the nature of the issues the defendant seeks to assert. Affirmative defenses may be treated as denials and not stricken from the Answer where they "'serve[ ] a laudable purpose of placing Plaintiff and the Court on notice of certain issues which Defendant intends to assert against Plaintiff's Claims.'" Rubin v. Serv. Ins. Co., No. 12-23861-CIV, 2013 WL 12162457, at *1 (S.D. Fla. Apr. 23, 2013) (quoting Qualley v. American Bankers Ins. Co. of Fla., No. 03-20228 (S.D. Fla. Apr. 16, 2003)). The defendant's Tenth Affirmative Defense,

Nineteenth Affirmative Defense and Twentieth Affirmative Defense, however, will be stricken for the reasons stated below.

The defendant's Tenth Affirmative Defense and Nineteenth Affirmative Defense state as follows:

**<u>TENTH AFFIRMATIVE DEFENSE</u>**
(Failure to Mitigate Damages)

10. Plaintiff failed to properly mitigate her alleged damages.

***

**<u>NINETEENTH AFFIRMATIVE DEFENSE</u>**
(Ripeness)

19. Plaintiff's claims are not yet ripe for adjudication.

Answer at 8, 19. These affirmative defenses fail to explain how the plaintiff failed to mitigate her damages or why the plaintiff's claims are not yet ripe. In <u>Schmidt v. Synergentic Commc'ns, Inc.</u>, No. 2:14–cv–539–FtM–29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015), the court struck an affirmative defense because it did not contain "any allegations connecting the defense to [plaintiff's] claims." Similarly here, the defendant's Tenth Affirmative Defense and Nineteenth Affirmative Defense are legally insufficient and are hereby **STRICKEN**.

The defendant's Twentieth Affirmative Defense states that the "Plaintiff's claims are barred because they violate Defendant's right to due process of law, including without limitation, rights protected by the United States and Florida Constitutions." Answer at 10. The defendant's Twentieth Affirmative Defense fails to explain how the plaintiff, a private, non-government actor, can violate the defendant's constitutional

rights. See Farese v. Scherer, 342 F.3d 1223, 1233 n. 13 (11th Cir. 2003) (stating that "[t]he First, Fifth, and Fourteenth Amendments do not apply to private parties unless those parties are engaged in an activity deemed to be state action.") (internal quotation marks omitted). A defense may properly be stricken where it is patently frivolous on its face or clearly invalid as a matter of law. See Pandora Jewelers 1995, Inc., 2010 WL 5393265, at *2. Accordingly, the defendant's Twentieth Affirmative Defense is legally insufficient and is hereby **STRICKEN**.

## **CONCLUSION**

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff['s] Motion to Strike Defendant's Affirmative Defenses and Incorporated Memorandum of Law in Support (DE# 10, 4/17/18) is **GRANTED in part and DENIED in part** in accordance with the foregoing Order. The defendant's Third Affirmative Defense, Tenth Affirmative Defense, Nineteenth Affirmative Defense and Twentieth Affirmative Defense are **STRICKEN**. The defendant has until **Monday, June 4, 2018**, to amend any stricken affirmative defenses.

DONE AND ORDERED in Chambers, at Miami, Florida, this **14th** day of May, 2018.

```
                                    _____
                                    JOHN J. O'SULLIVAN
                                    UNITED STATES MAGISTRATE JUDGE
```

Copies provided to:
United States District Judge Lenard
All counsel of record